UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL A.A.,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, Warden of California City Detention Center; KRISTI NOEM, Secretary of the United States Department of Homeland Security; PAMELA BONDI, Attorney General of the United States; MOISES BECERRA, Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br><br>Respondents. | No. 1:26-cv-00658-KES-EPG (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>Doc. 1 |

Petitioner Miguel Angel A.A. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 2.  The Court has previously addressed the legal issues raised by claim one of the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12,

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

The Court informed the parties that it intended to rule directly on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders in *Elmer Joel M. C. v. Wofford*, *Clene C.D. v. Robbins*, *Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 6. Respondents filed a motion to dismiss, but they did not identify any factual or legal distinctions between this case and those cited above. *See* Doc. 9.[2] The Court has previously addressed respondents' arguments in its prior cases.

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), respondents' motion to dismiss is DENIED, and the petition for writ of habeas corpus is GRANTED as to claim one, for the reasons addressed in those prior orders.[3]

///

---

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 9 at 2. But here, the record reflects that the government initially detained petitioner in 2023, then released him on his own recognizance in 2023 pursuant to § 1226(a) after implicitly determining that he did not pose a flight risk or a danger, and then in 2025 purported to re-detain petitioner pursuant to § 1225(b) notwithstanding its prior release of petitioner under § 1226(a). Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

[3] The Court need not address petitioner's other claim as petitioner is entitled to the relief he seeks based on the Court's ruling on claim one.

1    Respondents are ORDERED to release petitioner immediately.  Respondents are
2 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
3 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
4 petitioner is a flight risk or danger to the community such that his physical custody is legally
5 justified.
6    The Clerk of Court is directed to close this case and enter judgment for petitioner.
7
8 IT IS SO ORDERED.
9    Dated:   January 28, 2026

       _____
       UNITED STATES DISTRICT JUDGE